**SIGNED THIS: April 06, 2006**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: | ) |
| | ) |
| TERRY L. ROYER, | )   No. 05-84698 |
| | ) |
|             Debtor. | ) |

**O P I N I O N**

The Debtor, Terry L. Royer (DEBTOR), a salesman for Wayne-Dalton Corporation, had accrued but unpaid commissions totaling $1,000.00 when he filed his Chapter 7 petition on September 13, 2005. He claimed the commissions exempt under his wildcard exemption in the amount of $150.00 and under 735 ILCS 5/12-803 and 740 ILCS 170/4 in the amount of $850.00.

The Chapter 7 Trustee, Gary T. Rafool, filed a timely objection to the claim of exemption for the $850.00 amount, relying on this Court's decision in *In re Thum,* 329 B.R. 848 (Bankr.C.D.Ill. 2005). In *Thum,* this Court held that 735 ILCS 5/12-803 and 740 ILCS 170/4 do not give rise to a general exemption for wages earned but not yet paid to an

employee and are not a basis for exempting accrued wages in a bankruptcy case. The DEBTOR believes *Thum* was wrongly decided and asks the Court to reconsider it.

In *Thum*, this Court stated that "it appears that no Illinois court has adopted or expressed agreement . . . that either 735 ILCS 5/12-803 or 740 ILCS 170/4 is a general exemption statute that renders the nongarnishable portion of wages exempt from liability for the debts of the wage earner." The DEBTOR relies on *California-Peterson Currency Exchange, Inc. v. Friedman,* 316 Ill.App.3d 610, 736 N.E.2d 616 (Ill.App. 1 Dist. 2000), as an Illinois Appellate Court decision supporting the proposition that 735 ILCS 5/12-803 generally exempts 85% of accrued wages. The DEBTOR acknowledges, however, that such is not the holding of the case, where the dispute concerned whether monies due for services rendered by an independent contractor are "wages" as defined in the Wage Deduction Act. The court held that they are.

The DEBTOR'S statement that the "collection mechanism" before the circuit court in *Friedman* was a citation to discover assets is inaccurate. The judgment creditor had first filed a wage deduction proceeding and only after the employer filed a verified answer identifying the debtor as an "outside contractor" was a citation filed. Before the circuit court ruled on the judgment creditor's motion for turnover of all monies being paid to the debtor, the employer conceded the compensation paid to the debtor constituted wages subject to garnishment. Agreeing with the debtor's employer, the circuit court denied the judgment creditor's motion for turnover of the debtor's monthly earnings and discharged the citation to discover assets. It appears that the relief being sought by the creditor at all times was the garnishment of the debtor's future wages. *Friedman* is not a case where the creditor was attempting to compel turnover of accrued wages and the court had no

2

occasion to consider whether 735 ILCS 5/12-803 is a general exemption statute since the only relief being requested was a wage garnishment order affecting future earnings, a matter clearly within the scope of the Wage Deduction Act.

As this Court pointed out in *Thum*, the purpose of a wage garnishment ceiling is to protect a wage earner living paycheck to paycheck from losing his entire earnings, leaving him unable to pay necessary family living expenses. This policy is simply not applicable to situations such as existed in *Thum* and that exist in the case at bar, where the estate's interest in the DEBTOR'S property is fixed as of the petition date and postpetition earnings are not property of the estate that are subject to administration by the Chapter 7 Trustee.

This Court affirms its previous decision in *Thum* and holds again that 735 ILCS 5/12-803 and 740 ILCS 170/4 are not general exemption statutes that a debtor may use in bankruptcy to exempt accrued wages or commissions that are property of the bankruptcy estate.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###